## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.:**

JOHN GOLDSTEIN,

      **Plaintiff,**                                  **COMPLAINT**

v.

EXPERIAN INFORMATION
SOLUTIONS INC., TRANS UNION LLC,
VANCE AND HUFFMAN, LLC

                                            **DEMAND FOR JURY TRIAL**

      **Defendants.**

_____/

## COMPLAINT

Plaintiff, John Goldstein ("Plaintiff"), by and through counsel, files this Complaint against Experian Information Solutions Inc. ("Experian"), Trans Union LLC ("Trans Union"), and Vance and Huffman, LLC ("VH"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 USC § 1692 *et seq* ("FDCPA").

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Trans Union is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Defendant Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.      Defendant VH is a Virginia limited liability company whose registered agent in Florida is Registered Agent Solutions, Inc., 2894 Remington Green Lane, Suite A, Tallahassee, FL 32308. Defendant VH is a "person" as defined by FCRA, 15 USC §1681a(b). Defendant's website states that they are "experts in every facet of the accounts receivables management area." Defendant's website also states that they provide debt recovery services.

## GENERAL ALLEGATIONS

8.      This action involves derogatory and inaccurate reporting of an alleged debt by Defendant VH (the "VH Account") to the Credit Reporting Agencies, Defendants Experian and Trans Union.

9.      The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

10.     Section 1681s-2(b) imposes a second category of duties on furnishers of information.

11.     This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

12.     Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13.     On or about June 15, 2019, Plaintiff received a payroll check of $490 from his former employer, Jack Hanania Auto Group.

14.     On or about June 15, 2019, Plaintiff cashed the check for $490.

15.     As of the filing of this Complaint, the VH account appears on Plaintiff's credit report as a collection from Defendant VH showing a balance of $490.

16.     On or about December 12, 2023, Plaintiff disputed the VH Account with Defendant Experian.

17.     On or about December 22, 2023, Defendant Experian verified the VH Account as accurate.

18.     In or about December 2023, Plaintiff disputed the VH account with Defendant Trans Union.

19.     On or about December 15, 2023, Defendant Trans Union verified the VH Account as accurate.

20.     In addition to falsely reporting the VH account on Plaintiff's credit report, Defendant VH contacted Plaintiff's friends attempting to collect on the VH Account.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

21.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-20 of this Complaint.

22.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the VH Account with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the VH Account with Defendant Experian, a consumer reporting agency.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23.     On or around December 12, 2023, Plaintiff disputed the inaccurate and derogatory reporting of the VH Account with Defendant Experian.

24.     Defendant Experian verified as accurate the alleged Consumer Debt. Despite Defendant Experian having been put on notice of the fraudulent and inaccurate reporting, Defendant Experian did not remove the VH Account from Plaintiff's Experian credit report.

25.     As of the filing of this complaint, Defendant VH's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

26.     Defendant Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

27.     Defendant Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

28.     Despite Defendant Experian having received Plaintiff's dispute of the VH Account, Defendant Experian continues to report the VH Account as an adverse collection account with Defendant VH.

29.     Continuing to report the status of the VH Account in this fashion is significant.

30.     By continuing to report the status of the VH Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

31.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

32.     Defendant Experian failed to conduct a reasonable investigation and reinvestigation.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

33.     Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

34.     Defendant Experian failed to conduct an independent investigation and, instead, deferred to Defendant VH, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

35.     Defendant Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Experian failed to correct the information.

36.     Defendant Experian's reporting of inaccurate information about the VH Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

37.     Defendant Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant VH despite being in possession of evidence that the information was inaccurate.

38.     Without any explanation or reason, Defendant Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

39.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Experian's failure to correct the credit report pertaining to Plaintiff.

40.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

41.     Defendant Experian failed to establish or follow reasonable procedures to assure

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

42.    Defendant Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

43.    Defendant Experian has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

44.    The conduct, action, and inaction of Defendant Experian was willful, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

45.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

46.    The appearance of the account on Plaintiff's credit report, namely, the account

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

identified by Plaintiff in Plaintiff's dispute to Defendant Experian, was the direct and proximate result of Defendant Experian's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

47.     As a result of the conduct, action, and inaction, of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

48.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

49.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-20 above of this Complaint.

50.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

51.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

53.     Additionally, Defendant Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

54.     Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed  the  accuracy  of  the  information; [g]  the  failure  to  promptly  delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

55.     The conduct, action, and inaction, of Defendant Experian was negligent, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

56.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

57.     As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

58.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

59.     Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-20 of this Complaint.

60.     Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the VH Account with Defendant Trans Union and continues to include the same information concerning inaccurate and derogatory reporting of the VH Account with Defendant Trans Union, a consumer reporting agency.

61.     In or around December 2023, Plaintiff disputed the inaccurate and derogatory reporting of the VH Account with Defendant Trans Union.

62.     Defendant Trans Union verified as accurate the alleged Consumer Debt. Despite Defendant Trans Union having been put on notice of the fraudulent and inaccurate reporting, Defendant Trans Union did not remove the VH Account from Plaintiff's Trans Union credit report.

63.     As of the filing of this complaint, Defendant VH's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

64.     Defendant Trans Union is engaged in the business of credit reporting and is

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

65.     Defendant Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

66.     Despite Defendant Trans Union having received Plaintiff's dispute of the VH Account, Defendant Trans Union continues to report the VH Account as an adverse collection account with Defendant VH.

67.     Continuing to report the status of the VH Account in this fashion is significant.

68.     By continuing to report the status of the VH Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

69.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

70.     Defendant Trans Union failed to conduct a reasonable investigation and reinvestigation.

71.     Defendant Trans Union failed to review and consider all relevant information submitted by Plaintiff.

72.     Defendant Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant VH, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

73.     Defendant Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Trans Union failed to correct the information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

74.     Defendant Trans Union's reporting of inaccurate information about the VH Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

75.     Defendant Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant VH despite being in possession of evidence that the information was inaccurate.

76.     Without any explanation or reason, Defendant Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

77.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Trans Union's failure to correct the credit report pertaining to Plaintiff.

78.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

79.     Defendant Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

80.     Defendant Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

81.     Defendant Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

82.     The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

83.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

84.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Trans Union, was the direct and proximate result of Defendant Trans Union's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

85.     As a result of the conduct, action, and inaction, of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

86.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 4**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

87.     Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-20 above of this Complaint.

88.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

89.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

90.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

91.     Additionally, Defendant Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

92.     Defendant Trans Union has negligently failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

93.     The conduct, action, and inaction, of Defendant Trans Union was negligent, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

94.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95.     As a result of the conduct, action, and inaction of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

96.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant VH)

97.     Plaintiff incorporates the allegations regarding the VH Account and Defendant VH in paragraphs ¶¶ 1-20 of this Complaint.

98.     Defendant VH is a debt collector.

99.     In or about December of 2023, Plaintiff submitted disputes of the erroneous and derogatory information reported to Defendants Experian and Trans Union by Defendant VH.

100.    In response to the Dispute, Defendants Experian and Trans Union promptly and properly gave notice to Defendant VH of the Dispute in accordance with the FCRA.

101.    As of the filing of this complaint, the debt has continued to be verified by Defendant VH on Plaintiff's Experian and Trans Union credit report.

102.    Defendant VH is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

103.    On a date better known by Defendant VH, Defendants Experian and Trans Union promptly and properly gave notice to Defendant VH of Plaintiff's Disputes in accordance with the FCRA.

104.    In response to the notices received from Defendants Experian and Trans Union regarding Plaintiff's Disputes, Defendant VH did not and otherwise failed to conduct a reasonable investigation into the VH Account which is the subject of the Disputes.

105.    In response to receiving notice from Defendants Experian and Trans Union regarding Plaintiff's Disputes, Defendant VH failed to correct and/or delete information it knew to be inaccurate and/or which Defendants Experian and Trans Union could not otherwise verify.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

106.    Instead of conducting a reasonable investigation, Defendant VH erroneously validated the VH Account and continued to report inaccurate information to Defendants Experian and Trans Union.

107.    On at least one occasion within the past year, by example only and without limitation, Defendant VH violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

108.    On at least one occasion within the past year, by example only and without limitation, Defendant VH violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendants Experian and Trans Union.

109.    On at least one occasion within the past year, by example only and without limitation, Defendant VH violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Experian and Trans Union about the inaccurate information.

110.    Upon information and belief, Defendant VH was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

111.    Defendant VH's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

112.    As a direct and proximate result of Defendant VH's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

113.     Defendant VH's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant VH, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant VH)

115.     Plaintiff incorporates the allegations regarding the VH Account and Defendant VH in paragraphs ¶¶ 1-20 of this Complaint.

116.     On at least one occasion within the past year, by example only and without limitation, Defendant VH violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

117.     On one or more occasions within the past year, by example only and without limitation, Defendant VH violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendants Experian and Trans Union.

118.     On one or more occasions within the past year, by example only and without limitation, Defendant VH violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

119.     When Defendant VH received notice of Plaintiff's disputes from Defendants Experian and Trans Union, Defendant VH could and should have reviewed its own systems and

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

previous communications with Plaintiff as part of its investigation.

120.    Defendant VH would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant VH had reviewed its own systems and previous communications with Plaintiff.

121.    Defendant VH's investigation was per se deficient by reason of these failures in Defendant VH's investigation of Plaintiff's Disputes.

122.    As a direct and proximate result of Defendant VH's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

123.    Defendant VH's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

124.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant VH awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**VIOLATION OF 15 U.S.C § 1692e**
(Against Defendant VH)

125.    Plaintiff incorporates the allegations regarding the VH Account and Defendant VH

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

in paragraphs ¶¶ 1-20 of this Complaint.

126.    Section 1692e of the FDCPA prohibits the use of a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692e.  The sixteen subsections of  § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," see 15 U.S.C. § 1692e(2)(A), and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." See 15 U.S.C. § 1692e(5).

127.    As set forth above, Defendant attempted to collect a debt from Plaintiff that is not actually owed by Plaintiff.

128.    In attempting to collect the debt, Defendant falsely represented the character and/or legal status of the underlying debt because collection efforts cause the least sophisticated consumer to wrongfully believe that he or she must pay the balance of the Consumer Debt despite not being the true debtor of the Consumer debt.

129.    Plaintiff does not legally owe the debt and/or is not the debtor of the Consumer Debt and – as such – cannot be subject to any collection efforts from Defendant. Thus, Defendant's attempt to collect the debt is a threat to take action Defendant cannot legally take.

130.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] statutory and actual damages pursuant to 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: January 12, 2024

                                               Respectfully Submitted,

                                               /s/ Gerald D. Lane, Jr.
                                               **JIBRAEL S. HINDI, ESQ.**
                                               Florida Bar No.: 118259
                                               E-mail: jibrael@jibraellaw.com
                                               **JENNIFER G. SIMIL, ESQ.**
                                               Florida Bar No.: 1018195
                                               E-mail: jen@jibraellaw.com
                                               **GERALD D. LANE, JR., ESQ.**
                                               Florida Bar No.: 1044677
                                               E-mail: gerald@jibraellaw.com
                                               The Law Offices of Jibrael S. Hindi
                                               110 SE 6th Street, Suite 1744
                                               Fort Lauderdale, Florida 33301
                                               Phone: 954-907-1136

                                               *COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com